STEWART (PLATT v.). See Cases Nos. 11,-220 and 11,221.

STEWART (RIGGS v.). See Case No. 11,830.

STEWART (SEDGWICK v.). See Case No. 12,625.

## Case No. 13,436.

### STEWART v. SMITH et al.

[2 Cranch, C. C. 615.] [1]

Circuit Court, District of Columbia. May Term, 1825.

PRACTICE IN EQUITY—BILL CONFESSED—WHEN DECREE TAKES EFFECT.

A decree nisi, upon default of appearance and answer to a bill in chancery, does not become absolute until the end of "the term next succeeding that to which the decree shall be returned 'executed.'"

[This was a bill in equity by Stewart against J. K. Smith and others.]

The bill in this cause, was taken for confessed, for want of appearance and answer within three months after filing the bill, according to the 6th rule of the rules of chancery practice, prescribed by the supreme court of the United States for the circuit courts; and an interlocutory decree was passed for a sale of the property, and at the end of the decree it was stated that it would be final, "unless cause shown by the end of the next term thereafter." No cause being shown at that term, a sale was made and reported to the court, and the plaintiff obtained an order of ratification, unless cause to the contrary should be shown by a certain day.

Mr. Redin now moved to set aside the sale, because it was made before the expiration of the term next succeeding that to which the decree was returned executed, agreeably to the 6th rule of chancery practice ordered by the supreme court of the United States, to be observed by the circuit courts, by which it is ordered that, "If the defendant shall not appear and file his answer within three months after the day of appearance, and after the bill shall have been filed, the plaintiff may proceed to take his bill for confessed, and the matter thereof shall be de-

creed accordingly; which decree shall be absolute, unless cause be shown at the term next succeeding that to which the decree shall be returned executed."

Mr. Jones, contra.

THE COURT (nem. con.) ordered the sale to be set aside, because the decree nisi, notwithstanding the clause in it stating that it should be final nisi the end of the term then next succeeding, did not become absolute until after the sale had been made. Having adopted, as general rules of practice in this court, the rules prescribed by the supreme court of the United States, this court is bound by them, and the defendants had a right to appear according to those rules.